**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25229-CIV-ALTONAGA/Reid**

**ELDY FERNANDEZ ALBELO**,

Petitioner,

v.

**MARKWAYNE MULLIN**, *et al.*,

Respondents.
_______________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Eldy Fernandez Albelo's Petition for Writ of Habeas Corpus [ECF No. 1] under 28 U.S.C. section 2241. Petitioner challenges a purported removal order. (*See generally id.*). Respondent filed a Response [ECF No. 6]; to which Petitioner filed a Reply [ECF No. 7]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is denied.

**I. BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States on August 29, 2022. (*See* Pet. ¶¶ 9, 22). The same day, border authorities detained Petitioner. (*See id.* ¶¶ 22–23 (citation omitted)).

A border agent prepared a Form I-860 to initiate expedited removal. (*See id.* ¶ 23 (citation omitted); *see also generally id.*, Ex. A, Form I-860, Notice and Order of Expedited Removal [ECF No. 1-1]). The Form I-860 contains two parts: a Determination of Inadmissibility section and an Order of Removal section. The border agent completed and signed the Determination of Inadmissibility section, but he did not complete and sign the Order of Removal. (*See* Pet. ¶ 24

(citation omitted); Notice and Order of Expedited Removal 1).[1] Petitioner expressed fear of persecution if returned to Cuba. (*See* Pet. ¶ 25 (citation omitted); *see also generally id.*, Ex. B, Forms I-867A & I-867B [ECF No. 1-2]). In those circumstances, the Order of Removal section is ordinarily not completed unless and until an asylum officer conducts a credible fear interview and determines a non-citizen has not established a credible fear of persecution. (*See* Resp. 3 (citation omitted)).

Border authorities sought to continue processing Petitioner. On August 29, 2022, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") issued Petitioner a letter requesting his appearance at a September 14, 2022 appointment. (*See* Resp. 1–2 (citation omitted); *see also generally id.*, Ex. B, Form G-56, Call-In Letter [ECF No. 6-2]). After Petitioner was released into the country (*see* Pet. ¶ 27), he failed to appear at the appointment (*see* Resp. 2 (citation omitted); *see also id.*, Ex. C, Decl. of Deportation Officer Kevin Dorleus [ECF No. 6-3] ¶ 6).

In January 2023, Petitioner filed a Form I-589 Application for Asylum (*see* Pet. ¶ 29), which U.S. Citizenship and Immigration Services ("USCIS") dismissed in a letter dated June 4, 2025 (*see id.* ¶ 43 (citation omitted); Pet., Ex. C, USCIS's Notice of Dismissal of Form I-589 [ECF No. 1-3]). The letter stated Petitioner had been placed in expedited removal and issued a Form I-860. (*See* Pet. ¶ 30 (citation omitted); *see also* USCIS's Notice of Dismissal of Form I-589 1). It then explained USCIS could not process Petitioner's asylum application, and he may have his claim of fear considered by an asylum officer by taking the letter to ICE ERO. (*Id.* 1).

On August 3, 2026, Petitioner initiated this action. (*See generally* Pet.). Petitioner alleges an expedited removal order was not issued against him because the Form I-860 lacks an entered

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

and approved Order of Removal. (*See* Pet. ¶¶ 33–51). Petitioner seeks, among other things, a determination that he is not subject to an expedited removal order. (*See id.* ¶ 48). Respondents assert the Court lacks jurisdiction to review the Petition. (*See generally* Resp.).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents assert the Court lacks jurisdiction to review the Petition because Petitioner is not "in custody." (Resp. 3–4). Respondents are correct.

For a federal court to exercise jurisdiction over a habeas proceeding, "the petitioner must be 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Walker v. Florida*, 345 F. App'x 458, 459 (11th Cir. 2009) (quoting 8 U.S.C. § 2241(c)(3); *id.* § 2254(a); other citation omitted).[2] Although a petitioner need not be physically confined to be "in custody," he must show he is "subject to a significant restraint on [his] liberty that is not shared by the general public." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (alteration added; citing *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963)).

The "in custody" requirement is therefore satisfied if restrictions "substantially limit [a petitioner's] actions or movement." *Clements v. Florida*, 59 F.4th 1204, 1214 (11th Cir. 2023)

[2] That remains true where, as here, a petitioner seeks review under 8 U.S.C. section 1252(e)(2). *See I.M. v. United States Customs & Border Prot.*, 67 F.4th 436, 440 (D.C. Cir. 2023).

(alteration added; citations omitted). For example, in *United States ex rel. Marcello v. District Director of INS, New Orleans*, a petitioner subject to a deportation order was considered "in custody" because he was on supervised parole, had to report quarterly to authorities, and had to provide notice if he sought to leave the state for over two days. *See* 634 F.2d 964, 971 & n.11 (5th Cir. 1981). And in *Romero v. Secretary, DHS*, the Eleventh Circuit held a petitioner subject to a deportation order was "in custody" because she faced "restrictive" supervision conditions: she was placed in a supervision program, had to appear at the Government's request, had to provide notice to travel outside the state for over two days, and had to apprise the Government of address or employment changes. 20 F.4th 1374, 1379 (11th Cir. 2021) (quotation marks omitted).

By contrast, the "in custody" requirement is not satisfied if civil disabilities do not substantially limit a petitioner's actions or movement. *Clements*, 59 F.4th at 1214 (quotation marks and citation omitted); *see also id.* at 1215 (holding a petitioner subject to sex offender registration and reporting requirements was not "in custody" because he was "not at the beck and call of state officials," was "not required to live in a certain community or home[,]" and did "not need permission to hold a job" (alteration added; quotation marks and citations omitted)). That is true even if the requirements are "demanding and not the sort of obligations and restraints 'shared by the public generally.'" *Id.* (alteration adopted; quoting *Jones*, 371 U.S. at 240).

The restrictions on Petitioner's freedom of action or movement do not satisfy the "in custody" requirement. Petitioner is not physically detained, nor was he detained when he filed his Petition. (*See* Reply 5–6). Petitioner maintains he is "in custody" because his asylum application was dismissed; he was referred to ICE ERO for credible-fear processing; and he may be subject to apprehension. (*See* Pet. ¶¶ 6; Reply 5). Although these conditions are not shared by the public generally, they are markedly less restrictive than the supervision conditions in *Romero* and *United*

*States ex rel. Marcello*. Unlike the petitioners there, Petitioner has not shown he currently faces substantial limitations on his actions or movement. *Cf. Franco v. Nocco*, No. 26-cv-232, 2026 WL 237506, at *1 (M.D. Fla. Jan. 29, 2026).

Petitioner is therefore not "in custody" within the meaning of section 2241, and the Court lacks jurisdiction to adjudicate the Petition. Because the Court finds this issue dispositive, it does not reach Respondents' remaining jurisdictional arguments. *See Busby v. I.R.S.*, No. 96-6566-Civ, 1997 WL 364507, at *2 (S.D. Fla. Feb. 23, 1997).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner, Eldy Fernandez Albelo's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED without prejudice**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 14th day of September, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**